IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Debra Denise Curry,

        Plaintiff,

v.   Case No. 1:18-cv-1947-MLB

Clayton County Police
Department, et al.,

        Defendants.

_____/

## OPINION & ORDER

Pro se Plaintiff Debra Curry sued Defendants alleging she was arrested without cause and subjected to excessive force. (Dkts. 1-1; 4.) This matter comes before the Court on Plaintiff's motion for leave/reinstate for excusable neglect/ineffective counsel and third amended complaint and motion to leave to amend and reopen for failure to submit previous submission. (Dkts. 20; 21.) The Court construes both motions as seeking the same relief—the reopening of her prior case. The Court denies that relief.

## I.   Background[1]

Plaintiff sued in May 2018, claiming she was arrested without cause and subjected to excessive force. (Dkt. 1.) In March 2020, the Court completed a frivolity review of her complaint. (Dkt. 10.) The Court noted Plaintiff had filed a nearly identical complaint before Judge Duffey in April 2017. (*Id.* at 2.) Judge Duffey found that complaint to be a shotgun pleading. The Court agreed and ordered Plaintiff to file an amended complaint by April 24, 2020. The Court warned Plaintiff that failure to do so would lead to dismissal of her claims. Plaintiff did not file an amended complaint, and on April 30, 2020, the Court dismissed her complaint. (Dkt. 12.)

Then, in July 2020, Plaintiff moved to open the case and file an amended complaint—essentially, she wanted more time to do what the Court ordered her to do by April 24, 2020. (Dkt. 14.) She also stated her attorney was in poor health, leading to a delay of her receiving court documents, presumably the Court's order for her to file an amended complaint. Plaintiff stated she would file an amended complaint by

---

[1] The Court obtained and modified the background from its orders on Plaintiff's motion to reopen this case, file an amended complaint, and vacate the Court's order. (Dkts. 17; 19.)

August 20, 2020. Plaintiff, however, did not file an amended complaint by August 20. Rather, on August 21, she filed a second motion seeking to reopen the case, again seeking more time to file an amended complaint. (Dkt. 15.) Before ruling on that motion, on August 27, Plaintiff filed an amended complaint. (Dkt. 16.) On October 26, 2020, the Court denied Plaintiff's motions to reinstate the case and file an amended complaint, reasoning that the amended complaint Plaintiff filed was nearly identical to the complaint Judge Duffy rejected as a shotgun complaint and to the complaint the Court rejected as a shotgun complaint. (Dkt. 17.) The Court found that Plaintiff could not file a complaint in August with the same deficiencies the Court rejected in April.

Plaintiff then moved to vacate the Court's October 26 order and transfer the case to state court. (Dkt. 18.) On June 14, 2021, the Court denied that motion because Plaintiff could not satisfy the standard of either Rule 59(e) (motion to alter or amend a judgment) or Rule 60(b) (motion for relief from judgment or order) and the Court lacked the authority to transfer Plaintiff's case to a state court.

Plaintiff now moves for leave/reinstate for excusable neglect/ineffective counsel and third amended complaint and for leave to

3

amend and reopen for failure to submit previous submission. (Dkts. 20; 21.)

## II.    Legal Standard

Federal Rule of Civil Procedure 60(b) governs the reopening of cases. It states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *see also Richardson v. Shilfbaun*, No. 1:06-cv-0171, 2008 WL 686236, at *1 (N.D. Ga. Mar. 7, 2008) (providing Federal Rule

4

of Civil Procedure 60(b) governs the reopening of cases). Rule 60(b) "strike[s] a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981) (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970)).[2] A motion to reopen a case is committed to the sound discretion of the judge. *Gas Ridge, Inc. v. Suburban Agric. Props., Inc.*, 150 F.2d 363, 366 (5th Cir. 1945).

### III. Discussion

Plaintiff argues excusable neglect warrants the reopening of her prior case.[3] (Dkt. 20 at 1.) She contends her counsel, Joseph Turner, was ineffective and his conduct led to dismissal of her case. (Dkt. 20-4 at 3.) Generally, "clients must be held accountable for the acts or omissions of

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

[3] Plaintiff vaguely references Rule 60(b)(6) which allows a Court to relive a party from a final judgment or order for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6), but this provision applies "only under extraordinary circumstances," *High v. Zant*, 916 F.2d 1507, 1509 (11th Cir. 1990), which Plaintiff has not shown.

their attorneys." *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 396 (1993). There is "no merit to the contention that dismissal of [a client's] claim because of his [or her] counsel's unexcused conduct imposes an unjust penalty on the client." *Id.* (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 633–34 (1962)). But "Rule 60(b)(1) permits courts to relieve a party from a final judgment for 'mistake, inadvertence, surprise, or excusable neglect' by counsel." *Bohannon v. PHH Mortg. Corp.*, No. 1:12-CV-02477, 2015 WL 1137663, at *2 (N.D. Ga. Mar. 12, 2015) (quoting Fed. R. Civ. P. 60(b)(1)).

"[E]xcusable neglect is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer*, 507 U.S. at 394.

> To determine whether the neglect is excusable and justified relief from a final judgment, courts must consider the following four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the control of the movant; and (4) whether the movant acted in good faith.

*Bohannon*, 2015 WL 1137663, at *3. Finally, a motion for relief under Rule 60(b)(1) must be filed within "a reasonable time," but "no more than

a year after entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Because Plaintiff filed these motions on November 15, 2021 and January 26, 2022, Plaintiff is time barred from Rule 60(b)(1) relief from the April 30, 2020 order dismissing the case and October 26, 2020 order denying her motions to reinstate the case. *See* Fed. R. Civ. P. 60(c)(1).

As to the Court's June 14, 2021 order, Plaintiff's motions also were not filed within a reasonable time and she fails to show how that order came about through excusable neglect. A motion under Rule 60(b)(1) will be held untimely if not brought within a reasonable time, even though brought within one year. *See* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2866 (3d ed.). In determining a reasonable time, courts consider "whether the party opposing the [m]otion has been prejudiced by the delay in seeking relief and whether the movant had some good reason for his [or her] failure to take appropriate action sooner." *Deran Mktg. Corp. v. Fisher Foods, Inc.*, 787 F.2d 589 (Table), 1986 WL 16665, at *4 (6th Cir. 1986). Plaintiff clearly did not file her November 15 and January 26 motions within a reasonable time. Plaintiff has been on notice of the Court's orders the entirety of this

7

action as she filed two motions and one notice about the Court's March and April 2020 orders, one motion about the Court's October 2020 order, and the current two motions. On April 5, 2021, Mr. Turner was disbarred. (Dkt. 20-3.) On July 1, 2021, Plaintiff employed a new attorney, but nothing was filed with the Court for four and a half months. Plaintiff also fails to explain her failure to take other available opportunities to protect her rights, including appeals of the Court's dismissal and orders denying her motions to vacate (all of which were final, appealable orders). Motions filed five months and seven months after an order denying Plaintiff's *second* motion to vacate are untimely.

Plaintiff's motions also fail on the merits. The Eleventh Circuit has repeatedly "demonstrated its wariness of [granting] Rule 60(b)(1) relief for excusable neglect based on claims of attorney error." *S.E.C. v. Simmons*, 241 F. App'x 660, 663–64 (11th Cir. 2007) (quoting *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993)). "At the very least a party must demonstrate [her] own diligence, even where the attorney commits gross misconduct." *Id.* As noted above, Plaintiff has been on notice of the Court's orders for years. She also testified by declaration she "had knowledge that Mr. Turner was not representing

8

[her] adequately in this matter." (Dkt. 20-1 ¶ 19.) Yet Plaintiff failed to act diligently. Plaintiff is thus not entitled to relief under Rule 60(b).

## IV. Conclusion

The Court **DENIES** Plaintiff's Motion for Leave to File Amended Complaint and Reopen Case. (Dkt. 20.)

The Court **DENIES** Plaintiff's Motion for Leave to Amend Complaint and Reopen Case. (Dkt. 21.)

**SO ORDERED** this 5th day of April, 2022.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE